# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-2061V

| | |
|---|---|
| FRANCISCO MARCILLO,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 2, 2023 |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Steven Santayana, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

  On December 30, 2020, Francisco Marcillo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a syncopal episode after receiving a tetanus-diphtheria-acellular pertussis vaccine on March 13, 2020, which resulted in a significant injury. Petition, ECF No. 1. On April 14, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and a "Motions Day" hearing. ECF No. 47 (the "Damages Decision").

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $122,540.61 (representing $121,237.40 for fees, plus $1,303.21 for costs). Petitioner's Application for Fees and Costs ("Motion") filed May 4, 2023, ECF No. 53. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 53-4.

Respondent reacted to the motion on May 5, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 54. Petitioner filed a reply on May 5, 2023, requesting an award of fees and costs as indicated in Petitioner's motion. ECF No. 55.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Because Petitioner succeeded in this matter, his entitlement to fees cannot be disputed – but those fees must still be *reasonable.* All rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations and will therefore be adopted. However, the magnitude of the fees sought herein is quite high, especially compared to SPU cases generally. Although the specific circumstances of this case, and the severe nature of the injury at issue, may explain this discrepancy to some extent, it is still notable.

This does not mean that the *overall sum* requested is per se questionable. However, I do find the *total* amount of time devoted to briefing damages to be excessive. *See* Status Report; filed Jan. 28, 2022, ECF No. 35 (reporting that the parties attempted to informally resolve the issue of damages, but reached an impasse on an appropriate award); Petitioner's Motion for Findings of Fact; filed Mar. 4, 2022, ECF No. 38; Petitioner's Reply Memorandum Regarding Damages; filed Apr. 11, 2022, ECF No. 40; and Hearing Minute Entry, dated Apr. 5, 2023. Petitioner's counsel expended approximately 32.20 hours drafting the Motion for Findings of Fact; and 11.90 hours drafting the reply memorandum regarding damages, totaling 44.10 hours.[3] ECF No. 53-2 at 37-39.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 11.80 hours – and I am therefore awarding fees associated with that task in full.[4] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 53-2 at 37-38.

But it is otherwise unreasonable for counsel to spend so much time briefing the issue of damages in this case. I have identified numerous cases (which do not involve the

---

[3] This total is calculated as follows: 44.10 hours billed on: 1/28/22 (two entries), 2/3/22, 2/4/22, 2/8/22, 2/10/23, 2/15/23, 2/16/23, 3/1/22, 4/6/22, 4/7/22, 4/8/22, 4/11/22 by Alison Haskins at a rate of $460; and one entry dated 4/11/22 by LeeAnne Pedrick at a rate of $220.

[4] This time was billed by Alison Haskins in late 2021 using an hourly rate of $440. *See* ECF No. 53-2 at 31-35.

same injury but may reasonably be compared to time spent in this matter),[5] in which attorneys have accomplished this task in about half the time.[6] *See,* e.g., *Hernandez v. Sec'y of Health & Hum. Servs.,* No. 21-1572V (July 21, 2023) (14.7 hours billed for drafting a damages brief); *Miles v. Sec'y of Health & Hum. Servs.*, No. 20-146V (July 20, 2023) (16.4 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Merchant v. Sec'y of Health & Hum. Servs.,* No. 20-0450V (July 12, 2023) (15.5 and 2.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.60 and 3.80 hours billed for drafting a damages brief and responsive damages brief, respectively); *Elenteny v. Sec'y of Health & Hum. Servs.*, No. 19-1972V (May 31, 2023) (16.7 hours billed for drafting a damages brief); *Miller v. Sec'y of Health & Hum. Servs.,* No. 21-1559V (May 30, 2023) (17.5 and 4.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.,* No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

Here, the primary area of dispute involved the appropriate amount of compensation for Petitioner's past pain and suffering. *See* Damages Decision (2023 WL 3452274) at *2. The parties' views differed by $100,000.00 - Petitioner sought

---

[5] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[6] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023).

$225,000.00, and Respondent countered with $125,000.00. *Id.* I ultimately awarded an amount closer to that proposed by Petitioner ($250,000.00), exceeding Petitioner's request by $25,000.00 – and although this speaks to the value and quality of the briefing submitted, the number of hours expended still were excessive.

In light of the foregoing, I will reduce the sum to be awarded for damages briefing (**a total of 44.10 hours, or $20,118.00**) by *ten percent*. Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,011.80.**[8]

## ATTORNEY COSTS

Petitioner requests $1,303.21 in overall costs. ECF No. 53-3. I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable and shall be awarded in full. Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$120,528.81 (representing $119,225.60 for fees and $1,303.21 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be forwarded to Maglio Christopher & Toale Law, 1605 Main Street, Suite 710, Sarasota Florida 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

---

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: (43.40 x $460 x .10) + (0.70 x $220 x .10).

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master